UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EMZIE CHUKUWEIKE EMENI,

                          Petitioner,          **No. 6:13-CV-6404(MAT)**
          -vs-                                 **DECISION AND ORDER**

ERIC H. HOLDER, Attorney General
of the United States; MICHAEL PHILIPS,
Field Office Director for Detention
and Removal, Buffalo Field Office,
Bureau of Immigration and Customs
Enforcement; Department of Homeland
Security; and TODD TRYON, Facility
Director, Buffalo Federal Detention
Facility,

                          Respondents.

_____


**INTRODUCTION**

     Petitioner <u>pro</u> <u>se</u> Emzie Chukuweike Emeni ("Emeni" or
"Petitioner") has filed an application for a writ of habeas corpus
pursuant to 28 U.S.C. 2241 seeking release from continued detention
in the custody of the Department of Homeland Security, Immigration
and Customs Enforcement (collectively hereinafter "DHS"), pending
his deportation from the United States pursuant to a final
immigration order of removal. On January 23, 2014, Emeni was
released from administrative custody pursuant to an Order of
Supervision and Addendum. <u>See</u> Affidavit of Gail Y. Mitchell
("Mitchell Aff.") ¶4, attached as an Exhibit to Respondents' Motion
to Dismiss (Dkt #8). Respondents (collectively hereinafter "the
Government") now have moved to dismiss the petition on mootness
grounds.

**BACKGROUND**

Emeni is a native and citizen of Nigeria, who arrived in the United States at an unknown place, on an unknown date, without being admitted or paroled after inspection by an immigration officer. During the time he has been present in the United States, Emeni has been convicted of a number of criminal offenses, most recently, Criminal Possession of Stolen Property in the Fourth Degree, in violation of New York State Penal Law ("P.L.") 164.45(2) and Grand Larceny in the 3rd Degree, in violation of P.L. 155.35 on April 13, 2011. Following the April 13, 2011, convictions, he was sentenced to a term of 54 months of incarceration and 5 years post-release supervision.

On October 18, 2007, Emeni filed an Application to Register Permanent Residence or Adjustment of Status, which was denied. On January 26, 2010, immigration officials determined that Emeni had no legal status in the United States. Consequently, Emeni was placed in immigration removal proceedings by a Notice to Appear dated February 5, 2010, charging him with being subject to removal pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. On May 26, 2011, an immigration judge ("IJ") ordered Emeni removed, in absentia, from the United States to Nigeria. DHS sent Emeni a Notice to Surrender on June 21, 2011, directing Emeni to report to DHS on July 7, 2011, for removal.

However, Emeni apparently did not receive the notice and thus did not appear for his scheduled deportation. Upon discovering that Emeni had been unable to attend his removal proceedings due to his incarceration, DHS successfully moved to reopen the proceedings. On April 12, 2012, DHS served Emeni with Additional Charges of Inadmissibility/Deportability, which also charged Emeni with being removable pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who has been convicted of a crime of moral turpitude. On July 12, 2012, Emeni was taken into DHS custody upon his release from state custody.

An IJ denied Emeni's request for asylum, withholding or deferral of removal, and protection under the Convention Against Torture on September 18, 2012, and ordered Emeni removed to Nigeria. Emeni appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on January 8, 2013. DHS promptly initiated the process of obtaining a travel document for Emeni from the Nigerian consulate.

On February 3, 2013, Emeni filed a pro se Petition for Review ("PFR") in the United States Court of Appeals for the Second Circuit, challenging the BIA's order dismissing his appeal. See Emeni v. Holder, No. 13-434 (2d Cir. Feb. 3, 2013). Emeni also requested a stay of removal, which resulted in the cessation of DHS's efforts to deport him based upon the forbearance agreement between DHS and the Second Circuit. On March 12, 2013, the Government filed a motion to dismiss Emeni's PFR for lack of jurisdiction and opposed the stay request.

-3-

In accordance with immigration regulations, DHS reviewed Emeni's custody status in April 2013. On or about April 6, 2013, Emeni was notified that DHS had determined to continue his detention. Based upon the totality of information available in Emeni's case that he would be a threat to the community if he were to be released from custody.

On June 11, 2013, a panel of the Second Circuit denied the Government's motion to dismiss, finding that Emeni's PFR presented a question of law over which it retained jurisdiction. The Second Circuit granted Emeni's motions to proceed IFP, for appointment of counsel, and·for a stay of removal. Emeni's PFR remains pending before the Second Circuit as of this time, and his deportation proceedings are now formally stayed.

On January 24, 2014, a representative of DHS forward to Assistant United States Attorney Gail Mitchell, Esq. copies of an Order of Supervision and Addendum which were executed on January 23, 2014. These documents show that DHS determined that Emeni would be, and now has been, released from continued detention pending his removal; and that Emeni has been placed under supervision and permitted to be at large pursuant to the conditions set forth in the Order of Supervision and Addendum. See Mitchell Aff., ¶¶ 4-5 & Ex. A (Dkt #8). On January 29, 2014, the Government filed a motion to dismiss, arguing that because Emeni has been released from continued administrative detention in custody, the sole relief he requested in his habeas petition to this Court has been granted, and thus his petition has been rendered moot.

## DISCUSSION

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition while he is incarcerated or civilly detained, even if he subsequently is released. See So v. Reno, 251 F. Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Gonzalez v. I.N.S., No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct. 31, 2002) (stating that petitioner satisfies the "in custody" requirement of 28 U.S.C. § 2241 so long as he is in physical custody at the time the petition is filed even if petitioner is later deported)). Here, when Emeni filed his § 2241 petition, he was in the Government's custody, detained at the Federal Detention Facility in Batavia, New York. He therefore satisfied the "in custody" requirement of the habeas statute.

Article III's "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); accord Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"

Already, LLC v. Nike, Inc., 133 S. Ct. 721, 727 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (some internal quotation marks omitted in Already, LLC)).

Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that petitioner continues to suffer "collateral consequences" of the conviction upon which the now-ended incarceration was based. Spencer, 523 U.S. at 7. Here, however, Emeni's habeas petition challenges only the lawfulness of his administrative detention by DHS. The sole relief Emeni seeks is release from DHS custody. As his petition is based only on Emeni's allegedly unlawful detention in DHS custody, and not on the removal order from which the detention flowed, the issue is whether Emeni suffers from any "collateral consequences" of detention now that he has been released on bond and is no longer "in custody" of DHS. The district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released under an order of supervision, the petition is rendered moot. E.g., Denis v. DHS/ICE of Buffalo, N.Y., 634 F. Supp.2d 338, 341 (W.D.N.Y. 2009) (citing, inter alia, Baptiste v. I.N.S., No. 06-CV-0615 (NG), 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006) (holding that where petitioner was released pursuant to an order of supervision pending her removal, it was "clear that petitioner in the case at hand was challenging only the lawfulness of her detention" and "as a result of her release, [her] application for relief [was] moot."); Sayavong v. McElroy,

No. 00Civ.0922(WHP)(FM), 2003 WL 470576, at *3 (S.D.N.Y. Jan. 9, 2003) (during pendency of petition, alien was released from INS custody pursuant to an Order of Supervision; where the only relief sought had previously been granted by the INS, it followed that alien's petition was moot); accord, e.g., Saha v. Tryon, No. 11-CV-6276(MAT), 2012 WL 1909258, at *2 (W.D.N.Y. May 25, 2012).

In sum, the Court can no longer effectively grant Emeni any relief. The only relief sought and obtainable[1] from this Court was release from DHS custody. This he has already obtained. Because Emeni no longer suffers, or is threatened with, "an actual injury traceable to the respondent and likely to be redressed by a favorable judicial decision[,]" Lewis, 494 U.S. at 477, he cannot meet Article III's case-or-controversy requirement. His petition therefore is moot.

## CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss (Dkt #8) is granted, and Emeni's habeas petition (Dkt #1) is dismissed without prejudice. A certificate of appealability shall

---

[1]
    If Emeni sought to challenge the underlying order of removal, this Court would be precluded from exercising jurisdiction over that claim by Section 106(a)(1)(B) of REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), which "unequivocally eliminates habeas corpus review of orders of removal." Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005). However, "[w]hile Congress specifically eliminated the district courts' habeas corpus jurisdiction over review of removal orders, the REAL ID Act does not affect the district courts' jurisdiction over review of other habeas corpus claims." Brempong v. Chertoff, No. 05-CV-733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar.10, 2006).

not issue. <u>See</u> 28 U.S.C. §2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    January 31, 2014
          Rochester, New York